FILED

2016 MAR 29  PM 2:49

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY..............................

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2016 Grand Jury

CR16-0201

| UNITED STATES OF AMERICA, | No. CR 16- |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Manufacture, Possess with Intent to Distribute, and Distribute Schedule I, II and IV Controlled Substances; 21 U.S.C. §§ 813, 841(a)(1), (b)(1)(B)(viii), (b)(1)(C), (b)(2): Possession with Intent to Distribute Schedule I, II and IV Controlled Substances and Controlled Substance Analogues; 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(2): Distribution of Schedule I and IV Controlled Substances; 18 U.S.C. § 924(c)(1)(A)(i): Possession of Firearms in Furtherance of Drug Trafficking Crimes; 21 U.S.C. § 853: Criminal Forfeiture] |
| GARY RESNIK, JOSEPH STANLEY, CHRISTOPHER BOWEN, and DYLAN SIMPSON, | |
| Defendants. | |

///
///
///

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.   OBJECTS OF THE CONSPIRACY

Beginning on an unknown date and continuing until on or about March 15, 2016, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendants GARY RESNIK ("RESNIK"), JOSEPH STANLEY ("STANLEY"), CHRISTOPHER BOWEN ("BOWEN"), and DYLAN SIMPSON ("SIMPSON"), and others known and unknown to the Grand Jury, conspired and agreed with each other to:

(1) knowingly and intentionally manufacture, possess with intent to distribute, and distribute, a mixture and substance containing a detectable amount of acetylfentanyl, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C);

(2) knowingly and intentionally manufacture, possess with intent to distribute, and distribute, a mixture and substance containing a detectable amount of 3-4-methylenedioxyethylcathinone, also known as "methylone," a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C);

(3) knowingly and intentionally manufacture, possess with intent to distribute, and distribute, a mixture and substance containing a detectable amount of a-pyrrolidinovalerophenone,

2

also known as "PVP," a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C);

(4) knowingly and intentionally manufacture, possess with intent to distribute, and distribute, a mixture and substance containing a detectable amount of 2,2,3,3-tetramethylcyclopropyl, also known as "XLR11," a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C);

(5) knowingly and intentionally manufacture, possess with intent to distribute, and distribute, a mixture and substance containing a detectable amount of 3, 4-methylenedioxymethamphetamine, also known as "MDMA" and "Ecstasy," a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C);

(6) knowingly and intentionally possess with intent to distribute at least 5 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii); and

(7) knowingly and intentionally manufacture, possess with intent to distribute, and distribute, a mixture and substance containing a detectable amount of alprazolam, also known as "Xanax," a Schedule IV controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(2).

B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE
ACCOMPLISHED

The objects of the conspiracy were to be accomplished in substance as follows:

1.   Defendants RESNIK, STANLEY, BOWEN, and SIMPSON would order chemicals and equipment from China for the manufacture of drugs.

2.   Defendants RESNIK, STANLEY, BOWEN, and SIMPSON would receive chemicals and equipment for the manufacture of drugs.

3.   Defendants RESNIK and BOWEN would engage in the manufacture of drugs at clandestine laboratory sites.

4.   Defendants RESNIK, STANLEY, BOWEN, and SIMPSON would store and maintain quantities of drugs for distribution to others.

5.   Defendants RESNIK, STANLEY, BOWEN, and SIMPSON would distribute drugs to others.

C.   OVERT ACTS

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, defendants RESNIK, STANLEY, BOWEN, and SIMPSON, and others known and unknown to the Grand Jury, committed various overt acts on or about the following dates, within the Central District of California, including, but not limited to, the following:

1.   On March 1, 2015, defendant RESNIK ordered a rotary tablet press from a company located in Zhejiang, China.

2.   On March 1, 2015, defendant RESNIK ordered approximately 30 kilograms (66 pounds) of

1  carbonxymethylcellulose, a chemical which is used in the

2  manufacture of drug tablets.

3      3.   On March 22, 2015, defendant RESNIK received the

4  carbonxymethylcellulose at his residence at 5995 East Pacific

5  Coast Highway, Apartment 1, Long Beach, California.

6      4.   On April 17, 2015, defendant RESNIK traveled to a

7  warehouse in Compton, California, picked up the rotary tablet

8  press sent from China, and transported it to a warehouse in

9  Carson, California.

10     5.   On May 9, 2015, defendant RESNIK caused the rotary

11 pill press to be transported from the warehouse in Carson,

12 California, to a warehouse at 2621 East 67th Street, Unit H,

13 Long Beach, California (the "Long Beach warehouse").

14     6.   On May 12, 2015, defendant RESNIK traveled to the Long

15 Beach warehouse and went inside.

16     7.   On May 20, 2015, defendant RESNIK received from China

17 a tablet mold and shaping device used in the manufacture of drug

18 tablets.

19     8.   On May 29, 2015, defendant RESNIK received from China

20 approximately 10 kilograms (22 pounds) of lactose in powder

21 form, which is used in the manufacture of drug tablets.

22     9.   On June 17, 2015, defendant RESNIK drove to the Long

23 Beach warehouse and went inside.

24     10.  On June 17 and June 18, 2015, defendant RESNIK

25 manufactured tablets containing acetylfentanyl inside the Long

26 Beach warehouse.

27     11.  On June 24, 2015, defendant RESNIK possessed $2,200 in

28 cash in his residence at 5995 East Pacific Coast Highway,

1  Apartment 1, Long Beach, California, $5,560 in cash on his

2  person, and $6,050 in cash in his 2014 Toyota Tundra vehicle.

3      12.  On June 24, 2015, defendant RESNIK possessed a cash

4  counting machine inside his residence at 5995 East Pacific Coast

5  Highway, Apartment 1, Long Beach, California.

6      13.  On June 24, 2015, defendants RESNIK, STANLEY, BOWEN,

7  and SIMPSON possessed approximately 30,948 tablets containing

8  acetylfentanyl, 697 tablets containing PVP, 1,679.3 grams of

9  XLR11, 404.7 grams of methylone, and 7.1 grams of

10  methamphetamine at the Long Beach warehouse.

11      14.  On June 24, 2015, defendants RESNIK, STANLEY, BOWEN,

12  and SIMPSON possessed five table-top tablet presses, one free-

13  standing tablet press, a grain mill and mixing machine, and

14  other chemicals and equipment used in the manufacture of drugs

15  at the Long Beach warehouse.

16      15.  On June 24, 2015, defendant SIMPSON signed an

17  agreement for the rental of a storage space at 17300 Newhope

18  Street, Unit 210C, Fountain Valley, California.

19      16.  On July 23, 2015, in a telephone conversation, and in

20  coded language, defendant STANLEY told defendant RESNIK that he

21  put their Blackberry devices in storage.

22      17.  On July 23, 2015, in a telephone conversation, and in

23  coded language, defendant RESNIK told defendant STANLEY to take

24  the Blackberry devices out of storage and to obtain new

25  telephone numbers and SIM cards for the devices.

26      18.  On July 23, 2015, in a telephone conversation, and in

27  coded language, defendant STANLEY told defendant RESNIK that he

28

1  hoped their drug customers would be comfortable working with

2  defendant STANLEY.

3      19.   On October 4, 2015, defendant SIMPSON received from

4  China a grain mill and mixing machine used in the manufacture of

5  drugs.

6      20.   On October 28, 2015, defendant BOWEN carried a brown

7  box and several bags into defendant RESNIK's residence at 5995

8  East Pacific Coast Highway, Apartment 1, Long Beach, California.

9      21.   On November 12, 2015, defendants BOWEN and SIMPSON

10  traveled to the residence of defendant STANLEY at 16692 Irby

11  Lane, Huntington Beach, California, and went inside.

12      22.   On November 12, 2015, defendant SIMPSON carried a box

13  containing drugs into the residence of defendant STANLEY at

14  16692 Irby Lane, Huntington Beach, California.

15      23.   On November 19, 2015, defendant SIMPSON received from

16  China approximately 28 kilograms (61 pounds) of sodium sulfate,

17  which is used in the manufacture of drugs.

18      24.   On January 13, 2016, defendants RESNIK, BOWEN, and

19  SIMPSON travelled to the residence of defendant STANLEY at 16692

20  Irby Lane, Huntington Beach, California, and went inside.

21      25.   On January 13, 2016, defendant SIMPSON drove away from

22  the residence of defendant STANLEY at 16692 Irby Lane,

23  Huntington Beach, California, travelled to the area of Apple and

24  Zinnia Streets in Fountain Valley, California, and parked his

25  car.

26      26.   On January 13, 2016, defendant SIMPSON met with an

27  unindicted co-conspirator.

28

27.   On January 13, 2016, defendant SIMPSON provided the unindicted co-conspirator with 4,024 tablets containing acetylfentanyl, 100 tablets containing MDMA, and 456 tablets containing alprazolam.

28.   On January 26, 2016, defendant BOWEN traveled from his residence at 939 South Hill Street, Apartment 248, Los Angeles, California, to a house at 4151 Harlan Avenue, Baldwin Park, California ("the Baldwin Park house"), for the purpose of manufacturing drugs.

29.   On January 26, 2016, defendant BOWEN, over a period of several hours, manufactured drugs at the Baldwin Park house.

30.   On February 4, 2016, defendant SIMPSON traveled to the Baldwin Park house and received drugs.

31.   On February 12, 2016, defendant BOWEN, over a period of several hours, manufactured drugs at the Baldwin Park house.

32.   On February 20, 2016, defendant SIMPSON traveled to the Baldwin Park house and received drugs.

33.   On February 24, 2016, defendant BOWEN, over a period of several hours, manufactured drugs at the Baldwin Park house.

34.   On February 25, 2016, defendant RESNIK received from China a 1,000 milliliter two-neck flask, which is used in the manufacture of drugs.

35.   On February 26, 2016, defendant BOWEN received from China approximately 25 kilograms (55 pounds) of sodium hypophosphite, which is used in the manufacture of drugs.

36.   On March 15, 2016, defendants RESNIK, STANLEY, BOWEN, and SIMPSON possessed tablets and powders containing acetylfentanyl at the Baldwin Park house.

1     37. On March 15, 2016, defendants RESNIK, STANLEY, BOWEN,

2 and SIMPSON possessed four table-top tablet presses, a grain

3 mill and mixing machine, a tablet counter, heat sealers, and

4 other equipment used in the manufacture of drugs at the Baldwin

5 Park House.

6     38. On March 15, 2016, defendants RESNIK, STANLEY, BOWEN,

7 and SIMPSON possessed tablets containing acetylfentanyl at

8 defendant STANLEY's residence at 16692 Irby Lane, Huntington

9 Beach, California.

10    39. On March 15, 2016, defendants RESNIK, STANLEY, BOWEN,

11 and SIMPSON possessed tablets containing acetylfentanyl at

12 defendant BOWEN's residence at 939 South Hill Street, Apartment

13 248, Los Angeles, California.

14    40. On March 15, 2016, defendants RESNIK, STANLEY, BOWEN,

15 and SIMPSON possessed tablets containing acetylfentanyl at

16 defendant SIMPSON's residence at 16536 Filbert Street, Fountain

17 Valley, California.

18    41. On March 15, 2016, defendant SIMPSON possessed a Raven

19 Arms .25 caliber handgun, a Sig Saur .38 caliber handgun, a Sig

20 Saur .45 caliber handgun, and a Del-Ton AR15 .56 caliber rifle

21 at his residence at 16356 Filbert Street, Fountain Valley,

22 California.

23    42. On March 15, 2016, defendants RESNIK, STANLEY, BOWEN,

24 and SIMPSON possessed tablets containing acetylfentanyl at a

25 storage facility at 17300 Newhope Street, Unit 201C, Fountain

26 Valley, California.

27

28

COUNT TWO

[21 U.S.C. §§ 813, 841(a)(1), (b)(1)(C)]

On or about June 24, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendants GARY RESNIK, JOSEPH STANLEY, CHRISTOPHER BOWEN, and DYLAN SIMPSON knowingly and intentionally possessed with intent to distribute for human consumption a detectable amount of acetylfentanyl, knowing that acetylfentanyl was a controlled substance analogue and which substance was, in fact, a controlled substance analogue of fentanyl, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about June 24, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendants GARY RESNIK, JOSEPH STANLEY, CHRISTOPHER BOWEN, and DYLAN SIMPSON knowingly and intentionally possessed with intent to distribute at least five grams, that is, approximately 7.1 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about June 24, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendants GARY RESNIK, JOSEPH STANLEY, CHRISTOPHER BOWEN, and DYLAN SIMPSON knowingly and intentionally possessed with intent to distribute a detectable amount of 3-4-methylenedioxyethylcathinone, also known as "methylone," a Schedule I controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about June 24, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendants GARY RESNIK, JOSEPH STANLEY, CHRISTOPHER BOWEN, and DYLAN SIMPSON knowingly and intentionally possessed with intent to distribute a-pyrrolidinovalerophenone, also known as "PVP," a Schedule I controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about June 24, 2015, in Los Angeles County, within the Central District of California, and elsewhere defendants GARY RESNIK, JOSEPH STANLEY, CHRISTOPHER BOWEN, and DYLAN SIMPSON knowingly and intentionally possessed with intent to distribute a detectable amount of 2,2,3,3-tetramethylcyclopropyl, also known as "XLR11," a Schedule I controlled substance.

1

COUNT SEVEN

2

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

3
 On or about January 13, 2016, in Orange County, within

4
the Central District of California, and elsewhere, defendants

5
GARY RESNIK, JOSEPH STANLEY, CHRISTOPHER BOWEN, and DYLAN

6
SIMPSON knowingly and intentionally distributed a detectable

7
amount of acetylfentanyl, a Schedule I controlled substance.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about January 13, 2016, in Orange County, within the Central District of California, and elsewhere, defendants GARY RESNIK, JOSEPH STANLEY, CHRISTOPHER BOWEN, and DYLAN SIMPSON knowingly and intentionally distributed a detectable amount of 3, 4-methylenedioxymethamphetamine, also known as "MDMA" and "Ecstasy," a Schedule I controlled substance.

1

COUNT NINE

2

[21 U.S.C. §§ 841(a)(1), (b)(2)]

3       On or about January 13, 2016, in Orange County, within

4  the Central District of California, and elsewhere, defendants

5  GARY RESNIK, JOSEPH STANLEY, CHRISTOPHER BOWEN, and DYLAN

6  SIMPSON knowingly and intentionally distributed a detectable

7  amount of alprazolam, also known as "Xanax," a Schedule IV

8  controlled substance.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT TEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about March 15, 2016, in Orange County, within the Central District of California, and elsewhere, defendants GARY RESNIK, JOSEPH STANLEY, CHRISTOPHER BOWEN, and DYLAN SIMPSON knowingly and intentionally possessed with intent to distribute a detectable amount of acetylfentanyl, a Schedule I controlled substance, at 16692 Irby Lane, Huntington Beach, California.

COUNT ELEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about March 15, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendants GARY RESNIK, JOSEPH STANLEY, CHRISTOPHER BOWEN, and DYLAN SIMPSON knowingly and intentionally possessed with intent to distribute a detectable amount of acetylfentanyl, a Schedule I controlled substance, at 939 South Hill Street, Apartment 248, Los Angeles, California.

COUNT TWELVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about March 15, 2016, in Orange County, within the Central District of California, and elsewhere, defendants GARY RESNIK, JOSEPH STANLEY, CHRISTOPHER BOWEN, and DYLAN SIMPSON knowingly and intentionally possessed with intent to distribute a detectable amount of acetylfentanyl, a Schedule I controlled substance, at 16536 Filbert Street, Fountain Valley, California.

COUNT THIRTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about March 15, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendants GARY RESNIK, JOSEPH STANLEY, CHRISTOPHER BOWEN, and DYLAN SIMPSON knowingly and intentionally possessed with intent to distribute a detectable amount of acetylfentanyl, a Schedule I controlled substance, at 4151 Harlan Avenue, Baldwin Park, California.

COUNT FOURTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about March 15, 2016, in Orange County, within the Central District of California, and elsewhere, defendants GARY RESNIK, JOSEPH STANLEY, CHRISTOPHER BOWEN, and DYLAN SIMPSON knowingly and intentionally possessed with intent to distribute a detectable amount of acetylfentanyl, a Schedule I controlled substance, at 17300 Newhope Street, Unit 201C, Fountain Valley, California.

COUNT FIFTEEN

[18 U.S.C. §§ 924(c)(1)(A)(i)]

On or about March 15, 2016, in Orange County, within the Central District of California, defendant DYLAN SIMPSON knowingly possessed at least one of the following firearms in furtherance of a drug trafficking crime, namely, conspiracy to manufacture, possess with intent to distribute, and distribute controlled substances, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(B)(viii), (b)(1)(C), and (b)(2), as charged in Count One of this Indictment, and possession with intent to distribute a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Twelve of this Indictment:

(1) a Raven Arms model MP25 .25 caliber semi-automatic handgun bearing serial number 1413873;

(2) a Del-Ton model AR15 .56 caliber semi-automatic rifle bearing serial number S044142;

(3) a Sig Sauer model P238 .38 caliber semi-automatic handgun bearing serial number 27B097379;

(4) a Sig Sauer model .45 caliber semi-automatic handgun bearing serial number 54B066734.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1.   The allegations contained in Counts One through
Fourteen of this Indictment are hereby repeated, re-alleged,
and incorporated by reference herein as though fully set forth
at length for the purpose of alleging forfeiture pursuant to
the provisions of Title 21, United States Code, Section 853.
Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby
given to defendants GARY RESNIK, JOSEPH STANLEY, CHRISTOPHER
BOWEN, and DYLAN SIMPSON, that the United States will seek
forfeiture as part of any sentence in accordance with Title
21, United States Code, Section 853, in the event of any
defendant's conviction under any of Counts One through
Fourteen of this Indictment.

2.   Each defendant convicted of any of Counts One through
Fourteen of this Indictment shall forfeit to the United States
the following:

a.   All right, title, and interest in any and all
property, real or personal - - (i) constituting, or derived
from, any proceeds obtained, directly or indirectly, as a result
of any such offense; and (ii) used, or intended to be used, in
any manner or part, to commit, or to facilitate the commission
of any such offense; and

b.   A sum of money equal to the total value of the
property described in paragraph 2.a.  For each of Counts One
through Fourteen of this Indictment for which more than one
defendant is found guilty, each such defendant shall be jointly

1  and severally liable for the entire amount ordered forfeited
2  pursuant to that Count.
3      3.   Pursuant to Title 21, United States Code, Section
4  853(p), each defendant convicted of any of Counts One through
5  Fourteen of this Indictment shall forfeit substitute property,
6  up to the total value of the property described in the preceding
7  paragraph if, as the result of any act or omission of a
8  defendant, the property described in the preceding paragraph, or
9  any portion thereof (a) cannot be located upon the exercise of
10 due diligence; (b) has been transferred, sold to, or deposited
11 with a third party; (c) has been placed beyond the jurisdiction
12 of the court; (d) has been substantially diminished in value; or
13 (e) has been commingled with other property that cannot be
14 divided without difficulty.

                                A TRUE BILL


                                _____/s/_____
                                Foreperson


EILEEN M. DECKER
United States Attorney



LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

KEVIN M. LALLY
Assistant United States Attorney
Chief, Organized Crime Drug Enforcement Task Force Section

TIMOTHY J. SEARIGHT
Assistant United States Attorney
Organized Crime Drug Enforcement Task Force Section